Westchester Mortgage Co.
vs. } Eq. No. 2082
Newport Trust Co.

April 11, 1928

HAHN, J. Heard on answers in the nature of pleas in bar.

This case has been tried in the courts of New York and the substance of the present pleas is that the judgment there is a bar to complainant's action here, because the matters involved are res adjudicata. It is conceded by counsel

that the parties and the subject matter are the same, so the only question at present is what issues, if any, were determined by the final judgment in New York.

The case involves the validity of a note executed and delivered by John A. Van Rensselaer to James J. Phelan, and assigned to the complainant, said note being for the sum of $14,000 "with interest thereon at the rate of 10 per cent. per annum payable quarterly, in advance, until said principal sum is paid whether at or after maturity, all installments to bear interest at the rate aforesaid until paid."

The result of the hearings in New York is summed up in the final opinion of the Court of Appeals, as follows:—

"After a trial of the issues, a judgment was rendered at Special Term (in the Supreme Court) declaring that the note is owned by the plaintiff (complainant), but that it is usurious if void. Unquestionably the note is usurious if it was made in the State of New York and is governed by the laws of this (N. Y.) state. The Appellate Division has made findings and conclusions to the effect that the note was made and delivered in Rhode Island, and its validity must be determined by the laws of that state."

The report of the case in the Appellate Division (219 App. Div. 733), (219 N. Y. Supp. 695), reads in part as follows:—

"Upon this appeal we have reached the conclusion that the loan transaction in question should be considered as a Rhode Island transaction, and controlled by the laws of that state. So regarded, we think the transaction should be upheld to the extent of enforcing the payment of the principal of the note in question, with six per cent. simple interest thereon." In referring to this decision of the Appellate Division the Court of Appeals said:

"We are of the opinion that after the court decided that the construction and the legal effect of the note and the assignment * * * * are governed by the law of Rhode Island, and that the loan transaction is not rendered void by our (N. Y.) statute against usury, it should not have made *any* further declaration of the extent to which the rights of the plaintiffs (complainant) may be enforced in the State of Rhode Island. * * *

"If our courts had declared that the lien of the plaintiff (complainant) was, under the laws of Rhode Island, enforceable in accordance with the rate of interest fixed by the contract, such declaration could hardly fetter the conscience or the powers of a court of equity in that state when called upon to enforce the lien upon property situated in that sovereignty. It might still determine that it would not lend its power to the enforcement of a contract which it believed was unconscionable. We infringe upon the exclusive jurisdiction of courts of Rhode Island if we assume to dictate to them the extent to which they should enforce a lien upon property within that state. If that is the purpose and effect of the declaration made in this case, then it would seem clear that such a declaration should not have been made * * *

"We decide only that even if the courts of this state (N. Y.) have the power to declare rights arising under a foreign law and enforceable only by the courts of a foreign jurisdiction, it was error to exercise that power in this case for the purpose of determining in advance the action which the conscience of the court of equity of Rhode Island should dictate it to take when appeal is made to that court."

"The judgment should be modified by striking out from the judgment all reference to the extent to which

the plaintiff's lien is enforceable."

The obvious conclusion to be drawn from the opinion of the Court of Appeals is that the lower court should not have said whether the note was enforceable to *any* extent in Rhode Island, in other words whether it was enforceable or not here. Only so could the conscience of the court here be actually free to dictate the action that should be taken, under the laws of this state.

This conclusion is strengthened by the closing paragraph which orders the judgment modified by striking out *all* reference to the extent to which the lien is enforceable. So modified, the judgment amounts to little more than a dismissal for want of jurisdiction; New York did not have jurisdiction of the debt, hence it was not a judgment on the merits.

> "A judgment for defendant on the ground that the Court is without jurisdiction * * * is not a bar to a subsequent action."

34 Corpus Juris, 776-777.

> "The general rule that a judgment works an estoppel only when it is a judgment on the merits is beyond question."

*Flynn* v. *Gorman*, 22 R. I. 536, 537.

In any event, if New York decided anything, it was only that the loan transaction was entered into in Rhode Island and was controlled by the laws of this state. So regarded, the judgment is not a bar to the present suit, but a determination, at the most, of a single issue only, and may more properly be given in evidence than pleaded in bar.

> "Where the judgment is relied on, not as a bar to the present suit but as a judicial determination of given facts, issues or controversies, it is not necessary to plead it specially, but it is conclusive when given in evidence."

34 Corpus Juris, 1066-1067.

> "A judgment cannot be set up in bar of a subsequent action unless it

was a final judgment on the merits, adjudicating the rights in litigation in a conclusive and definite manner. In order that a judgment should be final within the meaning of the rule, it must be such as puts an end to the particular litigation or definitely puts the case out of court."

34 Corpus Juris 770.

> "A judgment in one state may there operate as one on the merits so far as any right to bring a new action there is concerned, because it adjudicates the absence of any remedy there, while at the same time it may not, in a sense, be on the merits, so far as it affects the right to bring an action elsewhere."

Freeman on Judgments (5th ed.) Vol. 3, p. 2884.

The pleas must therefore be overruled.

For complainants: Moore & Curry.

For respondents: Burdick & MacLeod; Hinckley, Allen, Tillinghast & Phillips.